ENOCH ENSLEY *et al.* *v.* THE MAYOR AND CITY
COUNCIL OF NASHVILLE.

1. CORPORATION. *Liable for acts of agent. When. Military government de facto.* While the city of Nashville was under military control, its Mayor and City Council constituted a government *de facto*, and the corporation is liable for property taken from individuals, of which it enjoyed the benefits, though its agents, by whose authority the act was done, were not legally elected in pursuance of the City charter.
Case cited: Cole *v.* Corporation of Nashville, 4 Sneed, 166.

2. TRESPASS UPON LAND. *Measure of Damages.* The measure of damages for felling and carrying away trees from a tract of land, is their value as they stood upon the land, and if their removal impaired the value of the land, damages may be had for such injury.
Case Cited: Wheless *v.* Second National Bank, 1 Baxter, 469.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court.    EUGENE CARY,
Judge.

NEIL S. BROWN and A. G. MERRITT for Ensley.
JOHN LELLYETT for the City.

TURNEY, J., delivered the opinion of the Court.

It was error to allow the entries in the memorandum book of J. L. Stewart to be read. If the wood was the property of plaintiffs on the land, and was removed without their consent, that removal did not deprive them of the right of property; they could pursue the property and recover it in specie, or its value at the

place when found. In this action, however, the measure of damage is the intrinsic value of the timber on the land to the premises, and which is not confined, under the facts developed by this record, to the absolute value of the timber. The question is, What was the timber, as it stood upon the ground, reasonably worth to the plaintiffs? What loss have they actually sustained by the felling and removal? To confine the inquiry to the value of wood as fuel, is entirely too limited; the timber of a swamp is worth as much. It may be the timber as standing was the main item of value, as if it suited the land for building lots, or might be converted into lumber for building or manufacturing material, etc. In addition, the plaintiffs, if entitled to recover, are entitled to compensation for all injury done to the land, by reason of felling the timber, or otherwise.

It is insisted that the city government was not organized under the charter, but appointed by a military Governor, and therefore could not bind the corporation, and only made themselves individually liable. The argument is not tenable; it is in proof, the wood was used at the water-works, in the city engines, distributed to the poor, sold to those able to purchase, and in other ways beneficial to the corporation, without objection or complaint by the corporation, but by its direction. The Mayor and Aldermen and common council were a government *de facto,* so far as the results of the appropriation of the wood were involved or attained. It was absolutely neces-

sary that that government should exist, as it was in form constituted, and it was as absolutely impossible for it to exist at all, except at the will and pleasure of the military Governor. It performed all the functions of the government, gave relief to the people, carried on its public works, and can not now be allowed to take advantage of its own wrong, in having enjoyed its full benefit, and then refusing to account to those from whom it derived the means.

Corporations can only act through their agents, and must be held accountable for their acts, otherwise citizens may be ruined through irresponsible persons. In *Cole* v. *Corporation of Nashville*, 4 Sneed, 166, Judge McKinney says: The general doctrine is now well established both in England and this country, that corporations are liable for the wrongful acts and neglect of their officers and agents in the course and within the scope of their employment, upon the same ground, in the same manner and to the same extent that natural persons are liable for the wrongs and negligence of their servants. This doctrine proceeds upon the ground, that as an aggregate corporation can only act through the instrumentality of its officers and agents, the act of the officer or agent in the course of his employment is the act of the corporation. "It is equally well established that a corporation is liable for wrongful acts done by its direct command or assent." These principles are conclusive of this case. It is not denied that the timber was cut, hauled and appropriated by the direct

Enoch Ensley *v.* Mayor and City Council of Nashville.

command of the corporate authorities. The acts of Congress and "so-called military orders have nothing to do with the case. The orders are simply permits, granted at the request of the Mayor, and do not so much as specify the property to be taken. The fact that the military authority would have cut the timber, or that certain witnesses, claiming to know that it was a military necessity that the timber should have been felled, does not excuse or justify defendants. A private citizen is not excused for the murder of one under sentence of death, though he took his life at the very moment the officer of the law would have done so. Belligerent rights can not be assumed and employed at the will of the private citizen or the civil authority of a city.

Reverse the judgment.